■ STANLEY E. HURA, Doing Business as STANLEY HURA INTERIORS, Appellant, v KAY MITCHELL et al., Defendants, and INTERNATIONAL MANAGEMENT GROUP, Respondent. — Order of the Supreme Court, New York County (G. Smith, J.), entered on January 17, 1983, which denied plaintiff-appellant's motion for summary judgment, and granted the cross motion of defendant-respondent International Management Group (IMG) for summary judgment dismissing the complaint as against IMG, is unanimously modified, on the law, to the extent of denying the cross motion, without prejudice to renewal upon completion of discovery on the issue of IMG's legal existence, and reinstating the complaint as against IMG, and otherwise affirmed, without costs. ¶ In this contract action for the unpaid balance claimed for interior decorating goods and services, one of the defendants-respondents, IMG, the legal existence of which is disputed, appeared by serving an answer in which it denied the allegations of the complaint and asserted a Statute of Frauds defense. The answer further stated that, for the purpose of this litigation only, IMG is an unincorporated entity that maintains an office at 767 Fifth Avenue in Manhattan. In an affidavit accompanying the answer, counsel for IMG stated that IMG is not a corporation or any other formal entity and has no officers or directors, but is a name utilized to describe a number of companies which operate under the umbrella name of IMG. Defendant-respondent International Legends, Inc., the lessee of the apartment allegedly redecorated by plaintiff-appellant, is one of the companies operating under the IMG name. ¶ Inasmuch as IMG answered the complaint on the merits without raising the jurisdictional issue by motion to dismiss (CPLR 3211, subd [a], par 5) or by affirmative defense in the answer, the issue of personal jurisdiction over an unincorporated association is waived. (See *32nd St. Delicatessen v Culinary Workers Union,* 9 Misc 2d 69.) Thus, it was premature for Special Term to grant the cross motion for summary judgment in light of the factual question of IMG's legal existence. Concur — Kupferman, J. P., Ross, Milonas, Kassal and Alexander, JJ.